IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LECHUGA, | No. C-09-1601 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| LABORERS INTERNATIONAL UNION, LOCAL UNION 304, | |
| Defendants. / | |

Before the Court are plaintiff Jose Lechuga's ("Lechuga") motion for a preliminary injunction, filed April 24, 2009, and defendant Laborers International Union, Local Union 304's ("Local 304") motion to dismiss, filed May 1, 2009.  Having read and considered the papers filed in support of and in opposition to the motions, as well as the arguments of counsel at the May 29, 2009 hearing, the Court rules as follows.

## BACKGROUND

In the instant action, Lechuga alleges Local 304 "discriminates against certain members in how work is dispatched" by "accepting bribes or kickbacks to allow certain members to receive dispatches to the detriment of other members."  (See Compl. ¶ 6.) Lechuga alleges he was "banished" from Local 304's union halls located in Hayward, Oakland, and Livermore, California, in retaliation for his "gathering of signatures to petition an investigation of [Local 304's] activities with respect to how work is dispatched."  (See id.

¶¶ 7-8.) Further, according to Lechuga, prior to such "banishment," he was "neither served with written specific charges made against him by [Local 304], provided a reasonable time to prepare his defense, nor given a full and fair hearing." (See id. ¶ 8.)

Lechuga alleges Local 304's conduct violated 29 U.S.C. § 411, which guarantees "equal rights and privileges" and "[f]reedom of speech and assembly" to members of labor organizations, see § 411(a)(1)-(2), and prohibits such organizations from "fin[ing], suspend[ing], expell[ing], or otherwise disciplin[ing]" a member, except for nonpayment of dues, unless the member "has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; [and] (C) afforded a full and fair hearing," see § 411(a)(5). Lechuga additionally alleges violations of 29 U.S.C. § 158, which defines certain "[u]nfair labor practices by labor organization[s]." See § 158(b).

**DISCUSSION**

**A.   Motion to Dismiss**

By its motion, Local 304 seeks dismissal of the instant action, on the ground that Lechuga has failed to exhaust "intraunion" remedies. (See Mot. at 2:24.) Under the Laborers International Union Constitution, "[n]o member shall bring . . . any action against a Local Union . . . in any matter involving an issue or arising out of or related to the member's membership, which is remediable within the framework of the International Union, Local Union or District Council Constitution without having first exhausted all of the remedies available under the aforesaid Constitutions." (See Lozano-Batista Decl. Ex. A (International Union Constitution) art. XVI, § 2.) Under 29 U.S.C. § 411(a)(4), a member of a labor organization "may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within [the labor] organization, before instituting legal or administrative proceedings against such organization[ ] or any officer thereof." See § 411(a)(4).

"One of the primary purposes of the exhaustion principle is to foster union self-regulation." See Bise v. Int'l Brotherhood of Elec. Workers, AFL-CIO Local 1969, 618 F.2d 1299, 1304 (9th Cir. 1979). "[D]istrict courts retain broad discretion to require, or not to

require, exhaustion depending on the reasonableness of such requirement in light of the facts of each case."  See Casumpang v. Int'l Longshoremen's & Warehousemen's Union, Local 142, 269 F.3d 1042, 1061-62 (9th Cir. 2001).  The Supreme Court has identified "at least three factors" that are "relevant" to the question of whether exhaustion should be required.  Those factors are:

> [F]irst, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim.

See Clayton v. Int'l Union, United Automobile, Aerospace & Agricultural Implement Workers of Am., 451 U.S. 679, 689 (1981); see also Casumpang, 269 F.3d at 1062 (noting "[a]lthough Clayton involved an action brought pursuant to the Labor Management Relations Act, its three-factor test also applies to actions brought under [§ 411]").  "Where one of the three Clayton factors has not been satisfied, internal union remedies are deemed presumptively inadequate and the district court abuses its discretion by requiring exhaustion."  Casumpang, 269 F.3d at 1062.  "The burden is on the moving party . . . [to] establish the availability of adequate internal union remedies."  Id. (internal quotation and citation omitted; alterations in original).[1]

### 1. Hostility

With respect to the first Clayton factor, Lechuga argues that, in light of Local 304's prior decision to "expel" him from its halls, "there is no hope for a fair hearing" (see Opp'n at 3:18-19), and that the "futility" of an intraunion claim "is compounded" because three of the individuals who sit on Local 304's Executive Board, whose members would "act as arbiter" of his claim, filed declarations in support of a petition filed by Local 304 in a prior state court proceeding, by which petition Local 304 sought to enjoin Lechuga from entering Local 304's halls (see id. at 4:25-5:4; see also Ham Decl. Ex. C (state court petition and declarations in

---

[1] In deciding a motion to dismiss "for failure to exhaust internal union remedies," a district court "is to resolve factual disputes."  See Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1180 (9th Cir. 1988).

3

support thereof)).[2]  Local 304 has presented undisputed evidence, however, that under its Constitution, anyone who is "directly interested or involved" in an intraunion "charge" is disqualified from sitting on the board that hears such charge.  (See Decl. Lozano-Batista Ex. B (Local Union Constitution) art. XII, § 3.)  The Constitution further provides a procedure for cases in which the entire Executive Board is challenged:

> Where the entire Executive Board of a Local Union appears to be disqualified, the matter may be referred to the General President who shall be entitled to investigate whether such disqualification exists.  Upon a finding of disqualification, the General President shall have discretion to assume jurisdiction over such charges, in which case the matter shall be referred to the Independent Hearing Officer to hear such charges for decision and disposition; or, in the General President's discretion, the charges may be referred to the appropriate District Council for trial.

(See id.)  This evidence demonstrates that no person hostile to Lechuga would hear his intraunion charge.[3]

Accordingly, Lechuga is not excused from exhausting his intraunion remedies on the ground that union officials are hostile to him.

**2.    Adequacy of Procedures and Remedies**

With respect to the second Clayton factor, Local 304 asserts that the "trial board or ultimately, the International Union" has "the authority to rescind the Local's denial of

---

[2] The petition sought an "Injunction Prohibiting Violence or Threats of Violence against Employee."  (See Ham Decl. Ex. C.)  On March 25, 2009, the state court dismissed the petition "without [p]rejudice."  (See Compl. Ex. B.)

[3] The Court finds unpersuasive Lechuga's argument that he is not required to exhaust intraunion remedies because Local 304's "act of expelling [him] is void."  (See Opp'n at 4:12-19.)  In support of such argument, Lechuga relies on Keeffe Bros. v. Teamsters Local Union No. 592, 562 F.2d 298 (4th Cir. 1977), in which the Fourth Circuit held that where disciplinary action taken by a union is "indisputably illegal or 'void,'" the court may properly exercise its discretion to excuse the plaintiff from exhausting administrative remedies.  See id. at 303.  In Keeffe Bros., however, there was no question the disciplinary action at issue was unsupportable, as the union's initial action was "rescinded as invalid" by the union itself, see id. at 304, and the union's subsequent attempt to resurrect such action on previously unasserted grounds could not "give ex post validity to the invalid earlier action," see id.  Here, the grounds for Local 304's action have remained constant, and given the nature of the acts allegedly committed by Lechuga, the procedural issue is less clear.  (See, e.g., Zapien Decl. Ex. C (Lucas Decl.) ¶ 7 ("[H]e threatened me, telling me in a threatening manner that he was going to follow me home.  At that moment, I told Mr. Lechuga that he was no longer allowed on Local 304's property and I called the Oakland Police Department."); id. (Zapien Decl.) ¶ 11 ("On more than one occasion I have seen him pretend to have a weapon in his pocket.").)

4

access" to its union halls.  (See Mot. at 5:3-4.)  Lechuga does not dispute this assertion, nor does he argue that the monetary relief he seeks (see Compl. ¶ 21 & Prayer ¶ B) would be unavailable through the intraunion procedures at issue.[4]

Accordingly, Lechuga is not excused from exhausting his intraunion remedies on the ground that such remedies cannot provide him the full relief he seeks.

### 3. Delay

With respect to the third Clayton factor, Lechuga argues that "[c]ourts recognize the need for expediency when rights guaranteed under Section 411, such as the freedom of speech and assembly, are compromised." (See Opp'n at 6:1-2.)  The cases on which Lechuga relies, however, are distinguishable, as each involved factors weighing against exhaustion that are not present in the instant action.  See Bise, 618 F.2d at 1303 (finding exhaustion not required where plaintiffs, who were fined after returning to work during strike, "raised issues that are in the public domain and beyond the internal affairs of the union"); Burns v. Local 1503 of Int'l Brotherhood of Painters & Allied Trades, No. N 75-76, 1975 U.S. Dist. LEXIS 16581, at *9 n.3 (D. Conn. Aug. 13, 1975) (finding exhaustion therein was "likely to be futile").

Lechuga further argues that requiring him to exhaust intraunion remedies would be futile.  In particular, Lechuga contends Local 304 is collaterally estopped from asserting, in any future proceeding, that a valid ground exists for excluding Lechuga from Local 304's halls.  In that regard, Lechuga argues, Local 304's assertion that Lechuga made any threat of violence "should be disregarded because that issue has already been adjudicated" in the above-referenced state court proceeding, in which Local 304 was denied an injunction predicated on such alleged threats.  (See Pl.'s Mot. for Prelim. Inj. at 9:6-9; see also Ham Decl. Ex. C; Compl. Ex. B (state court "Minutes").)

The record in the instant action, however, contains no evidence of what was "actually litigated" in the state court proceeding.  See Lucido v. Superior Court, 51 Cal. 3d

---

[4] Although Lechuga argues Local 304's "internal procedures" are inadequate because they "prohibit[ ] any further judicial review" (see Opp'n at 4:21-22), Lechuga cites no authority suggesting such lack of review is relevant to the instant analysis.

5

1  335, 341 (1990) (holding, for collateral estoppel to apply, "the issue sought to be precluded
2  from relitigation" must have been, inter alia, "actually litigated in the former proceeding";
3  noting "[t]he party asserting collateral estoppel bears the burden of establishing these
4  requirements").[5]  Moreover, the state court's order "dismiss[ing]" Local 304's petition for an
5  injunction was "without [p]rejudice" (see Compl. Ex. B), and, consequently, such order does
6  not have preclusive effect, see, e.g., Gagnon Co. v. Nevada Desert Inn, 45 Cal. 2d 448,
7  472 (1955) (noting "[a] dismissal without prejudice . . . is not a bar to another action by the
8  plaintiff on the same cause") (internal quotation and citation omitted).

 Further, to the extent Lechuga wishes to challenge the procedure by which he was barred from Local 304's halls, as opposed to the substance of Local 304's decision to exclude him, such procedural challenge may be raised in the same intraunion proceeding as Lechuga's substantive claims.  Indeed, Lechuga will likely achieve a faster resolution of his claims by raising both his procedural and substantive challenges in a single intraunion proceeding rather than by maintaining the former challenge herein.

 Accordingly, Lechuga is not excused from exhausting his intraunion remedies on the ground of delay.

 In sum, each of the Clayton factors is satisfied herein, and, consequently, Local 304's motion to dismiss will be granted.

**B.    Motion for Preliminary Injunction**

 As the Court has found the instant action is subject to dismissal, Lechuga's motion for a preliminary injunction will be denied.

**CONCLUSION**

For the reasons stated above:

1. Local 304's motion to dismiss is hereby GRANTED, and the above-titled action is hereby DISMISSED without prejudice.

//

---

[5] A federal court "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." See Migra v. Warren City Dist. Sch. Bd. of Educ., 465 U.S. 75, 81 (1984).

2. Lechuga's motion for a preliminary injunction is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 3, 2009

_____
MAXINE M. CHESNEY
United States District Judge