IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LECHUGA, | No. C-09-1601 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | |
| LABORERS INTERNATIONAL UNION, LOCAL UNION 304, | |
| Defendants. / | |

Before the Court is plaintiff Jose Lechuga's ("Lechuga") "Request for Leave to File a Motion for Reconsideration," filed June 5, 2009, by which Lechuga seeks leave to file a motion for reconsideration of the Court's Order Granting Defendant's Motion to Dismiss, filed June 3, 2009 ("June 3 Order"), in light of case authority recently discovered by Lechuga with respect to the issue of exhaustion of intraunion remedies.  Specifically, Lechuga argues, under Winterberger v. Gen. Teamsters Auto Truck Drivers & Helpers Local Union 162, 558 F.2d 923 (9th Cir. 1977), the Court is obligated to excuse Lechuga's failure to exhaust his intraunion remedies because defendant Laborers International Union, Local Union 304 ("Local 304") took disciplinary action against Lechuga "without providing any due process rights that are guaranteed under 29 U.S.C. Section 411(a)(5)" (see Request at 1:24-27).

In its June 3 Order, the Court rejected Lechuga's argument that he is not required to exhaust intraunion remedies, which argument was based in part on the same contention,

specifically, that the subject action taken by Local 304 was void as a matter of law.  (See June 3 Order at 4 n.3; Pl.'s Opp'n at 4:12-19.)  In so ruling, the Court discussed <u>Keeffe Bros. v. Teamsters Local Union No. 592</u>, 562 F.2d 298 (4th Cir. 1977), on which Lechuga had relied.

Although <u>Keeffe Bros.</u> can be read to afford a district court discretion to require exhaustion even where a union action is patently void, the Court's decision was not based on the distinction between "discretion," <u>see</u> <u>id.</u> at 303, and "oblig[ation]," <u>see</u> <u>Winterberger</u>, 558 F.2d at 925.  Nor was the Court's decision based on the "severity" of the alleged violations at issue.  (<u>See</u> Request at 2:20.)  Rather, the Court declined to excuse Lechuga's failure to exhaust intraunion remedies because Lechuga failed to show the union action at issue herein was necessarily void.  <u>Cf.</u> <u>Winterberger</u>, 558 F.2d at 925 (noting, where state court had previously found union action at issue therein to be void, "the distinguishing characteristic" of the case was "the existence of a judgment of a court of competent jurisdiction adjudicating the disciplinary hearing void").  Further, contrary to Lechuga's argument in support of the instant request, Local 304, at its first opportunity to do so, disputed Lechuga's contention that the action it took was in any manner procedurally improper or invalid (<u>see</u> Def.'s Reply, filed May 22, 2009, at 5:12-6:4) and reiterated that position at the hearing held on May 29, 2009, <u>cf.</u> <u>Keeffe Bros.</u>, 562 F.2d at 304 (noting union itself had "rescinded as invalid" initial disciplinary action at issue).[1]

Accordingly, Lechuga's request is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  June 11, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] The Court's citation to <u>Winterberger</u> and <u>Keeffe Bros.</u> is not intended to suggest a union's action cannot be found void in the absence of the factual circumstances presented in those cases, specifically, collateral estoppel or an admission of invalidity.

2